## STATE *v.* N. W. CAMP.

*Intoxicating Liquor.   Giving away in barn unlawful.   Sale.*

*Error.*

1. Under No. 41, Acts of 1882, it is unlawful to give away intoxicating liquor in one's barn or granary. The words " own private dwelling " apply merely to the building in which one lives, eats, sleeps and entertains his friends.

2. The evidence of the State tended to show that the witness went to rerespondent's house and called for cider; that the respondent invited him into his cellar, told him he had something better than cider, and furnished him with a drink of whiskey ; that witness inquired what was to pay and respondent replied nothing, that he kept nothing for sale, whereupon witness threw down a quarter and went away. *Held,* that this evidence tended to show a sale.

3. It was not error to refuse to instruct the jury as to the common law definition of a dwelling, they being correctly told what the word meant in the statute.

Indictment for selling, furnishing and giving away intoxicating liquor. Plea, not guilty. Trial by jury at the September term, Washington county, 1890, Munson, J., presiding. Verdict, guilty of one offense. The respondent excepts. The facts appear in the opinion.

*Wing & Fay,* for the respondent.

The legislature is presumed to use words in their legal sense as fixed by previous decisions.   Endl. Interp. St. ss. 3, 79, 127, 330, 357 and 367.

The word dwelling, so considered, includes outbuildings. Bouv. Law Dict., title Dwelling House ; 2 Bish. Stat. Cr., ss. 278, 286 and 289 ; Bish. Cr. Proc. (3d Ed) s. 135.

*E. W. Bisbee,* for the State.

State *v.* N. W. Camp.

The opinion of the court was delivered by

START, J.   The respondent claims that the furnishing of intoxicating liquor, under the circumstances and in the places disclosed by the State's evidence, is not prohibited by the statute relating to traffic in intoxicating liquor.   The evidence tended to show that the respondent gave away intoxicating liquor in his barn and granary.   If the barn and granary were not a part of the respondent's dwelling house, within the meaning of the statute, then the giving away of intoxicating liquor therein was unlawful.

Section 3800 of R. L., relating to the sale and · giving away of intoxicating liquor, among other things, provides that the words, " give away," shall not apply to the giving away of intoxicating liquor, at " private dwellings or their dependencies," except under certain conditions which have no application to this case.   By No. 41 of the Acts of 1882, this section is amended, and, as amended, provides that the words, " give away," shall not apply to the giving away of intoxicating liquor by a. person in his own " private dwelling."   By ommitting the words, " or their dependencies," in the act of 1882, it is clear that the Legislature intended to give the words, "give away," a more restricted meaning than that given by the original act.   If the Legislature intented the words, " private dwellings," or the words, ."his own private dwellings," to include barns and other out-buildings, then the words, " or their dependencies," as used in the original act, had no meaning, and the Legislature amended the act by omitting these words, without intending thereby to give any different meaning to the words, " give away," from that in the original act.   We think the Legislature by the use of the words, " or their dependencies," in the original act, and the omission of these words in the latter act, has clearly indicated that it did not intend the words, " his own private dwelling," to include barns and other out-buildings, and the right to give away intoxicating liquor is restricted to the giving of it in the building in which

State *v.* N. W. Camp.

one lives, eats, sleeps, and entertains his friends; and we hold that the giving away of intoxicating liquor by the respondent, in the manner and in the places disclosed by the State's evidence, was unlawful.

The testimony of Laird and Emery tended to show a sale of intoxicating liquor. They went to the respondent's house and called for some cider. The respondent invited them into his cellar, and there told them he had something better, produced a bottle of whiskey and offered them some, and they both drank from the bottle; Emery also drank cider. Emery asked the respondent what the bill was, and he replied that it was nothing —that he kept nothing for sale. Thereupon, Emery threw a quarter of a dollar upon a barrel there standing, and left it. Under proper instructions, which were given, it was for the jury to say whether this was a sale, or a giving away, of intoxicating liquor, and the respondent's motion for a verdict was properly overruled.

The court properly refused to instruct the jury as to the common law definition of a " dwelling house." They were fully instructed as to what the Legislature intended by the words, " one's own private dwelling," as used in the statute, and this was all that was required.

In other respects, the charge was such as the case called for. It was not error to call the attention of the jury to the evil of giving away intoxicating liquor under the circumstances disclosed by the evidence, and that it was an evil that the law was designed to guard against.

*Upon inspection of the record, the court are of the opinion that judgment ought to be rendered upon the verdict, and it is so rendered; sentence imposed and execution ordered.*